# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.

150 Broadway, Suite 900
New York, New York 10038

JEFFREY FLEISCHMANN

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

_____

October 6, 2021

Via ECF:
Hon. Gabriel W. Gorenstein
United States District Court
For the Southern District of New York
500 Pearl Street
New York, New York 10007

MEMORANDUM ENDORSED

Re: *EMA Financial, LLC v. Vystar Corp.,* Case No. 19-cv-01545-ALC-GWG

Dear Judge Gorenstein:

We are counsel for Plaintiff EMA Financial, LLC ("EMA") in the above-referenced matter. We submit this letter in support of Plaintiff's request to compel Worldwide Stock Transfer, LLC ("Worldwide") to comply with Plaintiff's subpoena. As set forth below, I have had two separate telephone conversations and several email communications over a period of several weeks with Worldwide's counsel, but have been unable to obtain Worldwide's compliance.

**Worldwide's Default**

On or about May 7, 2021, Worldwide was served with a subpoena duces tecum and ad testificandum, returnable July 12, 2021 (the "Subpoena"). A copy of the Subpoena is annexed hereto as Exhibit A. A copy of the Affidavit of Service of the Subpoena is hereto as Exhibit B.  On or about May 21, 2021, Worldwide emailed objections submitting boilerplate, non-specific objections that did not comply with the Federal Rules and which did not identify if it would withhold documents. See Exhibit C.  Fed. R. Civ. P. 34, which governs requests for the production of documents, requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."  *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods*., 2020 U.S. Dist. LEXIS 234361 (S.D.N.Y. 2020). *See also, Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662 (S.D.N.Y. 2017) *citing to Orix USA Corp. v. Armentrout*, 2016 U.S. Dist. LEXIS 100617 (N.D. Tex. 2016) (in responding to a subpoena duces tecum, "general or boiler-plate [or unsupported] objections" are prohibited (alteration in original)). Worldwide failed to state whether it is withholding any documents and, if so, why such documents are being withheld and offered improper, boilerplate objections. I immediately responded and noted that the objections did not comply with the Federal Rules and requested a meet and confer.

On or about June 9, 2021, I held a meet and confer with Worldwide's counsel via telephone, but we were unable to resolve our disputes.  However, Defendant's counsel contacted me to let me know that Defendant would be moving to quash the Subpoena, and requested that I hold off on any enforcement until after the motion to quash was resolved by the Court, which I agreed to do. Defendant filed a motion to quash on July 2, 2021 (ECF No. 132), Plaintiff opposed the motion to quash on July 9, 2021 (ECF No. 133) and a discovery conference was held on August 3, 2021 at which the Court made certain rulings with respect to the motion to quash.  See Exhibit D for a copy of the transcript of the August 3, 2021 proceeding. On August 9, 2021, I held another meet and confer via telephone with Worldwide counsel and provided them with a transcript of the August 3, 2021 proceeding.  On August 12, 2021 Worldwide produced certain documents.

On August 12, 2021, I emailed Worldwide's counsel, and noted the following:

> Thanks for providing--please let me know when I can expect the balance of the documents, as this subpoena was served months ago.  As previously discussed, your responses did not comply with the FRCP. During one of our previous meet and confers, you indicated that you would either update them, or make clear, as part of your production, whether documents were being withheld.  You still have not done that.   Moreover, your improperly redacted information such as addresses, which are not private under any stretch of the imagination and which handicap my ability to issue further subpoenas.  Even if you were able to make the showing necessary to treat this information as confidential, the Judge has already ruled that the remedy would be to designate the documents as such, per the confidentiality stipulation.   Please promptly correct the responses, provide the unredacted documents, and provide the balance of the documents.  I will again point out that you are making this far more expensive and difficult for your client then necessary. I am around should you wish to discuss.

See Exhibit E.

Worldwide produced certain documents on August 20, but again did not cure the deficiencies in its production, including improper redactions and the failure to identify

Following a back-and-forth conversation, whereby Wolrdwide continued to refuse to remove the redactions, I told Wordwise's counsel that I would have no choice but to move to compel.  Worldwide's counsel sent an email dated August 30, 2021 stating that:

> Please see my email below and let this serve as confirmation that we produced all responsive documents to requests 1, 2, 8, 10, and 13, and Worldwide does not have documents responsive to request numbers 7, 9 (other than as attachments to the emails which were produced), 11, 12, 14, 15, 18, 21, and 22. No documents were withheld.

I responded to that email on the same day, noting that "Thanks, but what about the rest of the requests and unredacted documents?"  See Ex. E. Worldwide's counsel failed to respond and has ceased communication since.  Thus, Worldwide continues to refuse to remove its improper

redactions and refused to indicate in writing whether it is withholding documents in regard to the balance of the requests in the Subpoena, including requests 3-6,16,17, as modified by the Court's rulings on August 3, 2021.

It cannot be disputed that Plaintiff's Subpoena seeks information that is directly relevant to, and, in certain instances, dispositive of Plaintiff's claims against Defendant. Defendant's counterclaims allege that Vystar fully repaid the loan through share conversions and Plaintiff utilized the conversion process to acquire more shares than it was entitled to under the agreements. Specifically, by Defendant's counterclaims, Defendant levels multiple allegations against Plaintiff including, but not limited to, that Plaintiff engaged in stock manipulation and that EMA manipulated the price of Vystar's stock downward by dumping the stock into the market, "artificially creating a decreased value of the stock." Defendant's Answer, ECF Doc. No. 49, ¶146. As discussed on August 3, 2021, plaintiff has a right to seek discovery as to whether there were other conversions or others that were selling or disposing of the stock, thereby causing downward pressure on the stock price.

Worldwide's response to date is incomplete, and Worldwide has proffered no valid excuse for its failure to cooperate in discovery. Compounding issues, Worldwide's production improperly redacts information, hampering Plaintiff's ability to issue additional subpoenas for information and documents. Plaintiff's efforts to date have failed to elicit a satisfactory response, and Worldwide's discovery responses remain inadequate. Thus, Plaintiff has done all it can to resolve or narrow the discovery issues, and court action is necessary to compel Plaintiff's cooperation in discovery.

Plaintiff also seeks an order granting attorneys' fees and costs for the expense of making its motion. Courts in this Circuit have found that contempt and sanctions are appropriate even in the absence of a court order specifically directing compliance. See *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (imposing sanctions for non-parties' failure to comply with a subpoena where "both parties admit that they received notice of the subpoenas," "neither party raised objections to the subpoenas at any time," and non-parties did not adequately respond to the motion for contempt); S*print Nextel Corp. v. Ace Wholesale*, No. 1:12-CV-2902-JEC, 2014 U.S. Dist. LEXIS 125368, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (granting motion to compel, holding non-party in contempt under Rule 45(g), and awarding costs and fees under Rule 37).

Accordingly, the Court should order that Worldwide's general and specific objections to Defendants' discovery requests, to the extent that those objections do not assert privilege are waived, and order Worldwide to provide complete responses within 14 days.

We thank the Court for its consideration.

Application denied without prejudice to a new application, if necessary, compliant with paragraph 2.A

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

October 8, 2021

Respectfully Submitted,

/s/ Jeffrey Fleischmann
    Jeffrey Fleischmann

3