USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___12/20/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
EMA FINANCIAL, LLC,

                                **Plaintiff,**

        -against-

VYSTAR CORP.,

                                **Defendant.**

-------------------------------------------------------------------- x

1:19-CV-01545-ALC-GWG

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

        Before the Court is Defendant Vystar Corp.'s ("Defendant" or "Vystar") motion for reconsideration of the portion of my March 29, 2021 Opinion and Order ("Order"), *see* ECF No. 116, holding that there is no private right of action for recission claims under Section 15(a)(1)[1] of the Securities Exchange Act of 1934 ("Act"), striking its affirmative defense, and dismissing its counterclaim for rescission, pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure. To the extent that reconsideration is denied, Vystar requests that I certify the Order for interlocutory review before the Second Circuit. For the reasons stated herein, Defendant's motion for reconsideration is **DENIED.**

        On April 12, 2021, Vystar filed its initial motion and supporting papers. ECF Nos. 120–123. Plaintiff Ema Financial, LLC ("Plaintiff" or "Ema") opposed on April 22, 2021, embedding

---

[1] § 15(a)(1) reads: "It shall be unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of this section." 15 U.S.C. § 78o(a)(1).

several arguments in what I will construe as its own cross-motion for reconsideration.[2] ECF No. 124 at 28–31. Defendant submitted a reply brief on May 4, 2021. ECF No. 127–128. On August 20, 2021, I granted the parties leave to file supplemental briefing, which they submitted on September 10 and September 20, 2021, respectively.[3] ECF Nos. 153–155, 156.

I assume the parties' familiarity with the factual background of this case based on prior filings. *See, e.g.*, ECF No. 104 (Magistrate Judge Gorenstein's Opinion and Order on Ema's Motion to Stay Discovery); ECF No. 116 (March 29, 2021 Opinion and Order). As relevant here, Defendant moves the Court to reconsider the following conclusions from the Order:

> 1. The Court also dismisses Vystar's counterclaim that EMA acted as an unregistered broker-dealer in violation of Rule 15(a)(1) because that provision provides no private right of action. *See Goodman v. Shearson Lehman Bros., Inc.*, 698 F.Supp. 1078, 1083 (S.D.N.Y. 1988). Order at 6.

> 2. [T]he notes were neither made nor performed in violation of any federal securities laws as is required for rescission under Section 29(b).[4] Though Vystar urges the Court that EMA's allegedly illegal conduct is "inextricably intertwined" with the Agreement, it has pleaded no facts showing as much. *Id.* (footnote added).

The standard for a motion for reconsideration in the Second Circuit "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

---

[2] Plaintiff's cross-motion is denied as untimely. Local Civil Rule 6.3 requires a motion for reconsideration or reargument to be served "within fourteen (14) days after the entry of the Court's determination of the original motion." Ema did not submit its arguments for reconsideration until April 22, 2021—after the deadline—and did not seek an extension from this Court to do so.
[3] Additionally, in correspondence dated October 7, 2021, Vystar informed this Court of a district court's adoption of a magistrate judge's report and recommendation in *Sec. & Exch. Comm'n v. Almargby*, No. 17-62255-CIV, 2021 WL 4459439 (S.D. Fla. Sept. 29, 2021) for consideration in connection with the instant motion.
[4] § 29(b) reads: "Every contract made in violation of any provisions of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract . . . ." 15 U.S.C. § 78cc(b).

expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mallet v. Miller*, 438 F.Supp.2d 276, 277 (S.D.N.Y. 2006) (citation and internal quotation marks omitted). Reconsideration is generally appropriate if the district court "overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 Fed.Appx 71, 75–76 (2d Cir. 2016) (summary order) (quoting *Analytical Surveys., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)); *see also Shrader*, 70 F.3d at 257.

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted); *see also Kelwin Inkwel, LLC v. PNC Merch. Servs. Co., L.P.*, No. 17-CV-6255, 2019 WL 6134164, at *1 (E.D.N.Y. Nov. 19, 2019). Courts narrowly construe and strictly apply these principles in order to avoid "repetitive arguments on issues that have already been considered fully by the court." *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 958 F.Supp.2d 399, 402 (E.D.N.Y. Aug. 5, 2013) (citation omitted). The decision to grant or deny a motion for

reconsideration is committed to the sound discretion of the district court, but in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 765 F.3d 123 (2d Cir. 2014) (quoting *Nakshin v. Holder*, 360 Fed.Appx. 192, 193 (2d Cir. 2010) (summary order) (internal quotation marks omitted)).

Vystar argues that I should reconsider my holding that there is no private right of action under § 15(a)(1) because I "failed to apply the law to the issue of a permissible claim for rescission, not monetary damages." Def.'s Mem. at 10. But there is no clear error in need of correction here. Though *Goodman, supra*, involves a claim for monetary relief, that case does not clearly distinguish between monetary damages and rescission in holding that there is no private right of action under § 15(a)(1). *See* 698 F.Supp. at 1086. Additionally, the Second Circuit has yet to, and has explicitly declined to, decide "whether an alleged violation of § 15(a)(1) can form the predicate for a rescission action under § 29(b)." *Boguslavsky v. Kaplan*, 159 F.3d 715, 722 n.6 (2d Cir. 1998) (merely noting that the Fifth and Ninth Circuits have "acknowledged the availability of such actions" under § 15(a)(1)). Therefore, I do not believe that my dismissal of Vystar's counterclaim on this basis was erroneous where the dismissal is not in contravention of clear congressional intent or any controlling authority in this Circuit.

Defendant next contends that I erred in striking its affirmative defense for failure to plead a violation for rescission under § 29(b). But this contention does not meet the high bar for reconsideration. In the Order, I considered the factual allegations raised by Vystar—including the specific statements Defendant claims that I overlooked—applied the necessary elements, and ultimately concluded that Vystar had not adequately alleged

that the Securities Purchase Agreement and Convertible Note ("Agreements") at issue could not be legally performed despite Ema acting as an unregistered broker-dealer. Order at 4–6.

Because Plaintiff seeks a second bite at the apple, which is not permissible on a motion for reconsideration, that portion of the motion is denied. The "motion and supporting memorandum merely recycle previous arguments considered and rejected by this Court." *Cohn v. Metro. Life Ins., Co.*, No. 07-CV-0928 (HB), 2007 WL 2710393, at *1 (S.D.N.Y. Sept. 7, 2007). And a motion for reconsideration may not "be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F.Supp.2d 506, 509 (S.D.N.Y. Aug. 5, 2009) (internal quotation marks and citation omitted).

Having denied the portion of Defendant's motion that seeks reconsideration, I will next turn to whether to certify the Order for interlocutory review by the Second Circuit. Vystar articulates two issues in connection with their affirmative defense and counterclaim for rescission that they ask me to consider for certification to the Court of Appeals:

- "[I]s there a private right of action pursuant to Section 15(a)(1) of the Act permitting rescission in accordance with Section 29(b)[?]" Def.'s Mem. at 17 (citation omitted).

- "[I]f there is a private right of action for rescission, does entering into a securities agreement or agreement that may otherwise be legal, but entered into and/or performed by an entity not registered with the SEC but acting as a dealer pursuant to securities laws, act as a violation of the Act permitting the counter-party to rescind the agreements pursuant to 29(b)(1) & (2) of the Act?" *Id.*

5

After careful consideration, I conclude that Defendant does not meet its burden of establishing all three mandatory elements under 28 U.S.C. § 1292(b). In particular, it fails on the first and third prongs and should therefore be denied.

Under 28 U.S.C. § 1292(b), a district court has authority to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "Courts place particular weight on the last of these three factors," which is satisfied "if that appeal promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of New York, N.Y.*, No. 06-CV-6473, 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) (citations and internal quotation marks omitted). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F.Supp.3d 295, 298 (S.D.N.Y. Jan. 6, 2017) (citation and internal quotation marks omitted). Given the general policy of deferring appellate review until after the entry of a final judgment, interlocutory review is granted only in "exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citation and quotation marks omitted). However, "[w]hen a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (internal quotation marks omitted).

To satisfy the first prong of § 1292(b), Vystar must demonstrate that the question is both controlling and a question of law. "[A] question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). A question of law can also be controlling if reversal of the district court's order

"could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F.Supp.2d 567, 570 (S.D.N.Y. 2001)). The question of law "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551 (S.D.N.Y. 2013).

To satisfy the third prong of § 1292(b), Defendant must demonstrate that an intermediate appeal will advance the ultimate termination of the litigation. Courts place "particular weight" on this factor, *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005), and it is "closely connected" to the first factor. *In re 650 Fifth Ave.*, No. 08-CV-10934, 2012 WL 363118, at *2 (S.D.N.Y. Feb. 2, 2012). In considering this factor, "courts must consider the institutional efficiency of both the district court and the appellate court." *Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015).

The questions presented here are not controlling questions of law. The first issue may turn on the statutory interpretation of § 15(a)(1)—i.e., whether an alleged violation under this provision may act as a predicate for raising a private right of action for rescission under § 29(b). *See Laurent v. PricewaterhouseCoopers LLP*, No. 06-CV-2280, 2014 WL 251986, at *1 (S.D.N.Y. Jan. 22, 2014) ("The Court's Order . . . hinged on statutory interpretation—a quintessentially legal determination."). However, the Second Circuit would need to review the record and, if they determine that there is a permissible rescission claim, conduct factual analysis to then decide whether Defendant adequately pleaded its counterclaim. Even if they reversed and

remanded for repleading or with an instruction for the district court to apply the facts to the law, it would significantly delay this case. Indeed, Defendant forecasted that extensive discovery would commence if the motion for reconsideration were granted.[5]

Courts also consider whether the certified issue has precedential value for a significant number of cases. Defendant identifies a meager thirteen pending cases within this Circuit. And precedential value is not "*per se* sufficient to meet the 'controlling issue of law' standard." *See, e.g.*, *S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. June 13, 2000).

The motion to certify also fails on the third prong. Reversal of the Order would not be the end of this case. There are several other triable claims and counterclaims. And the operative scheduling order in this matter directs the parties to file a pre-motion letter in connection with any intended summary judgment motion by the end of January 2022. *See* ECF No. 147. An immediate appeal would abruptly delay discovery and, in this case, "[t]he Court of Appeals should have the benefit of hearing any appeals in this case with the aid of the full record relating to the parties' claims, and should not have to delve into the complex facts and issues in this case in a piecemeal fashion." *See In re Buspirone Pat. Litig.*, 210 F.R.D. 43, 51 (S.D.N.Y. Aug. 19, 2002) (citing *Able v. United States*, 870 F.Supp. 468, 471 (E.D.N.Y. 1994)). As it stands, the present litigation would not be accelerated by inserting an interlocutory appeal at this time.

Because the motion for certification of the Order to the Court of Appeals fails on the first and third prongs, the Court need not decide whether there is substantial ground for difference of opinion. As written *supra*, courts put "particular weight" on the third prong, *see Transp.*

---

[5] On November 10, 2021, Vystar informed me of the status of discovery and indicated, among other things, that it expected "substantial paper discovery" and "additional topics for depositions" should the motion for reconsideration be granted. ECF No. 164.

*Workers*, 358 F.Supp.2d at 350, which is "closely connected" to the first prong. *See In re 650 Fifth Ave.*, at *2. For the foregoing reasons, the motion for reconsideration is denied in full. The parties are instructed to resume discovery under the guidance of Judge Gorenstein. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 121.

**SO ORDERED.**

**Dated**:   December 20, 2021
         New York, New York

                                    The Hon. Andrew L. Carter, Jr.
                                    United States District Judge