```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EMA FINANCIAL, LLC                               :

                                                 :      MEMORANDUM ORDER
                 Plaintiff,

                                                 :      19 Civ. 1545 (GWG)
      -v.-
                                                 :

                                                 :

VYSTAR CORP.
                                                 :

                 Defendant.                      :
---------------------------------------------------------------X
```

GABRIEL W. GORENSTEIN, United States Magistrate Judge

     On November 27, 2023, judgment was entered in favor of Vystar Corp. ("Vystar") dismissing this case pursuant to the Court's resolution of the parties' motions for summary judgment. See Opinion & Order, filed Nov. 27, 2023 (Docket # 251). EMA Financial, LLC ("EMA") has appealed this decision. See Notice of Appeal, filed Dec. 27, 2023 (Docket # 261). Vystar has filed a notice of cross-appeal. See Vystar Corp.'s Notice of Cross-Appeal, filed June 13, 2024 (Docket # 288). Both appeals are pending before the United States Court of Appeals for the Second Circuit.

     Shortly after the judgment was entered, Vystar filed a motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d). See Notice of Motion, filed Dec. 8, 2023 (Docket # 253). In its response to the motion, EMA requests that the Court "defer" its ruling on the motion until the Second Circuit has decided EMA's appeal. See Memorandum of Law in Opposition, filed Jan. 19, 2024 (Docket # 266), at 12-14.

     The Advisory Committee Notes of Fed. R. Civ. P. 54(d) provide that "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) Advisory Committee Notes (1993); accord Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225-26 (2d Cir. 2004). Consistent with this language, courts routinely defer or deny a motion for attorney's fees until a mandate from the appellate court is issued. See Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc., 2021 WL 3159764, at *2 (S.D.N.Y. June 18, 2021) ("Since the pending Rule 54 motion turns on which party is the 'prevailing party' for purposes of entitlement to fees and costs, it is clear that the resolution of [Defendant's] pending appeal on the merits could potentially impact the Court's determination of the fee motion.") (quoting Topps

Co., Inc. v. Koko's Confectionary & Novelty, 2020 WL 6082093, at *2 (S.D.N.Y. Oct. 15, 2020)). The reason for this practice is judicial efficiency inasmuch as "deferring a ruling on [a party's] motion for attorneys' fees until the Second Circuit resolves [the opposing party's] appeal ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." Doe ex rel. Doe v. E. Lyme Bd. of Educ., 2014 WL 4370504, at *2 (D. Conn. Sept. 2, 2014) (citation and quotation marks omitted).

Vystar opposes EMA's request. See Vystar Corp.'s Memorandum of Law, filed Mar. 8, 2024 (Docket # 275) ("Reply"), at 21-23. In doing so, Vystar cites to Fed. R. Civ. P. 62, which governs the posting of a supersedeas bond. See Reply at 23. Vystar's citation reflects that it fails to distinguish between (1) deferring the resolution of motions for attorney's fees pending resolution of an appeal (under Fed. R. Civ. P. 54(d)) and (2) staying enforcement of a judgment (under Fed. R. Civ. P. 62). See id. at 23; see, e.g., Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, 2014 WL 1404902 (W.D.N.Y. Apr. 10, 2014) (analyzing Fed. R. Civ. P. 62 and 54 separately as they relate to the judgment in the case and the attorney's fees award). Fed. R. Civ. P. 62 has no application to this case because the judgment here merely dismisses the case without awarding any monetary relief. Thus, we reject Vystar's argument that EMA must "affirmatively" move for a "stay" in order to obtain deferral of consideration of the attorney's fee motion. See Reply at 23. As one court has stated, "[w]here the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees." Gill, 2014 WL 1404902, at *1.

Because the appeal could moot Vystar's application or change the scope of relief, the Court exercises its discretion to deny the motion for attorney's (Docket ## 253, 254) at this time. The new deadline for the filing of any motion for attorney's fees under Fed. R. Civ. P. 54(d)(2)(B) (or the reinstatement of the pending motion) shall be 21 days from entry on the docket of the mandate from the Second Circuit.

SO ORDERED.

Dated: August 5, 2024
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge